UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. 3:18-cv-01400 |
| | ) | |
| v. | ) | (Judge Mannion) |
| | ) | |
| $5,430.00 U.S. CURRENCY, AND $12,570.45 SEIZED FROM COMMUNITY BANK ACCT. ENDING IN 6994, | ) ) ) ) | |
| Defendants. | ) | (Electronically filed) |

## GOVERNMENT'S MOTION TO STAY PROCEEDINGS PURSUANT TO 18 U.S.C. § 981(g)

COMES NOW, the United States of America, by and through its attorneys, David J. Freed, United States Attorney for the Middle District of Pennsylvania, and Jenny P. Roberts, Assistant United States Attorney, respectfully submits this Motion to Stay Proceedings Pursuant to 18 U.S.C. § 981(g), and in support thereof avers the following:

1.  On July 16, 2018, the government filed its Complaint for forfeiture against the following defendant currency, alleging that the defendant currency was subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

  a. $5,430.00 U.S. Currency; and

  b. $12,570.45 seized from Community Bank account ending in 6994 in the name of Kurt Moran MD PC.

 2. On September 27, 2018, Claimant Kurt Moran filed a timely verified claim to the defendant currency.

 3. On October 15, 2018, claimant filed an answer to the Complaint.

 4. The Drug Enforcement Administration (DEA) is conducting an ongoing criminal investigation against claimant into his alleged drug trafficking activities. To date, the investigation of claimant has shown claimant has a practice of prescribing controlled substances outside the usual course of professional practice and without a legitimate medical purpose in violation of 21 U.S.C. § 841, as described in the Complaint.

 5. The defendant currency was seized as a part of the same criminal investigation as proceeds of the claimant's drug trafficking activities. The government must show the same facts to succeed on forfeiture in civil case as to prosecute in the criminal case.

 6. The Court may stay a forfeiture action upon the motion of either the government or the claimant, if certain conditions are

satisfied. Specifically, "[u]pon the motion of the United States, the court shall stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the government to conduct a related criminal investigation or the prosecution of a related criminal case." 18 U.S.C. § 981(g)(1). Similarly, '[u]pon motion of a claimant, the court shall stay the civil forfeiture proceeding with respect to that claimant if the court determines that -- (A) the claimant is the subject of a related criminal investigation or case; (B) the claimant has standing to assert a claim in the civil forfeiture proceeding; and (C) continuation of the forfeiture proceeding will burden the right of the claimant against self-incrimination in the related investigation or case." 18 U.S.C. § 981(g)(2).

7. Section 981(g)(1) does not require "a particularized showing of prejudice or specific harm; rather, all that the Court must determine is whether the civil discovery will interfere with the criminal investigation." *United States v. One 2008 Audi R8 Coupe Quattro*, 866 F. Supp. 2d 1180, 2011 WL 5966383 at *3 (C.D. Cal. Nov. 17, 2011). Indeed, "more specific disclosure of prejudice through detailed evidentiary support will only result in the very prejudice to the criminal

3

proceeding that the Government seeks to avoid." *Id.* Accordingly, courts have "routinely issued Section 981(g)(1) stays on the basis of the Government's allegations of likely prejudice to the criminal proceeding caused by the civil discovery." *Id.*

8.    The United States asks that this civil forfeiture case be stayed in order to protect information that the DEA has obtained in the course of its related criminal investigation from being prematurely disclosed to claimant as part of the civil discovery process in this civil forfeiture case. Here, civil discovery in this civil forfeiture case could interfere with the DEA's ongoing criminal investigation and prosecution of claimant by giving him a potential opportunity to prematurely ascertain the details of the ongoing criminal investigation and prosecution. Moreover, the outcome of the criminal prosecution will likely materially advance the resolution of this civil forfeiture matter. Other courts have stayed civil forfeiture proceedings where civil discovery might interfere with an ongoing criminal investigation. *E.g., United States v. $247,052.54*, 2007 WL 2009799, \*2 (N.D. Cal. 2007) (denying claimant's motion to lift stay because, if discovery were permitted to proceed in civil forfeiture case, government's need to

depose witnesses would expose witnesses to cross-examination and would thereby prematurely expose government's trial strategy for related criminal prosecution); *United States v. All Funds Deposited in Account No. 200008524845*, 162 F. Supp. 2d 1325 (D. Wyo. 2001) (granting stay of civil forfeiture matter because discovery in that matter might have interfered with the ongoing criminal investigation); *U.S. v. One Assortment of *66 Seventy–Three Firearms,* 352 F.Supp.2d 2, 4 (D.Me.2005) (staying civil case to avoid interference with ongoing criminal investigation).

9. On October 31, 2018, counsel for claimant, advised that claimant concurs with this motion to stay this civil forfeiture matter until resolution of pending criminal matter by way of sentencing. The United States will file a status report every six months to advise the Court of the status of pending criminal charges.

WHEREFORE, the United States requests a stay of this civil forfeiture case until resolution of pending criminal matter. The United States will file a status report every six months to advise the Court of the status of pending criminal charges. A proposed order is attached.

        Respectfully submitted,

        DAVID J. FREED
        UNITED STATES ATTORNEY

By:   */s/ Jenny P. Roberts*
        Jenny P. Roberts
        Assistant U.S. Attorney
        235 N. Washington Ave, Ste. 311
        Scranton, PA 18503
        Phone: 570-348-2800
        Fax: 570-348-2037
        jenny.p.roberts@usdoj.gov
        PA89330

CERTIFICATE OF SERVICE

Pursuant to Standing Order 03-1 and Local Rules 4.2 and 5.7, I hereby certify that the foregoing document was served through electronic case filing.

        Respectfully submitted,

        DAVID J. FREED
        UNITED STATES ATTORNEY

By:   */s/ Jenny P. Roberts*
       Jenny P. Roberts
       Assistant U.S. Attorney
       235 N. Washington Ave, Ste. 311
       Scranton, PA 18503
       Phone: 570-348-2800
       Fax:  570-348-2037
       jenny.p.roberts@usdoj.gov
       PA89330